Alec ROSEFSKY, Edith Rosefsky, Joseph A. D'Esti and Helen T. D'Esti, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 815, Docket No. 79–4002.

United States Court of Appeals, Second Circuit.

Argued May 9, 1979.

Decided June 12, 1979.

---

Eugene E. Peckham, Binghamton, N. Y., Hinman, Howard & Kattell, Binghamton, N. Y., for petitioners-appellants.

Mary L. Jennings, Atty., Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Gary R. Allen, Attys., Tax Div., Dept. of Justice, Washington, D. C., of counsel), for respondent-appellee.

Before SMITH, OAKES and VAN GRAAFEILAND, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Alec Rosefsky and Joseph D'Esti owned certain real estate as partners. The City of Binghamton, New York condemned the property as part of its urban renewal efforts and reimbursed the partners in 1965. In 1970, after litigation on the matter, the partners received further compensation.

On the 1970 federal tax information return filed by the partnership, the partnership elected to replace the property and thus to defer realization of capital gains on the property, pursuant to 26 U.S.C. § 1033.[1] The property was not replaced, however.

In December, 1972 the partnership requested that the IRS grant an extension of

---

1. 26 U.S.C. § 1033 provides:
   Involuntary Conversions.
   (a) [as amended by Sec. 45, Small Business Tax Revision Act of 1958, P.L. 85–866, 72 Stat. 1606, 1676] *General Rule.*—If property (as a result of its destruction in whole or in part, theft, seizure, or requisition or condemnation or threat or imminence thereof) is compulsorily or involuntarily converted—
   \* \* \* \* \* \*
   (2) [as amended by Sec. 915(a), Tax Reform Act of 1969, P.L. 91–172, 83 Stat. 487] *Conversion into money.*—Into money or into property not similar or related in service or use to the converted property, the gain (if any) shall be recognized except to the extent hereinafter provided in this paragraph:
   (A) *Nonrecognition of gain.*—If the taxpayer during the period specified in subparagraph (B), for the purpose of replacing the property so converted, purchases other property similar or related in service or use to the property so converted, or purchases stock in the acquisition of control of a corporation owning such other property, at the election of the taxpayer the gain shall be recognized only to the extent that the amount realized upon such conversion (regardless of whether such amount is received in one or more taxable years) exceeds the cost of such other property or such stock. Such election shall be made at such time and in such manner as the Secretary may by regulations prescribe. For purposes of this paragraph—
   (i) no property or stock acquired before the disposition of the converted property shall be considered to have been acquired for the purpose of replacing such converted property unless held by the taxpayer on the date of such disposition; and
   (ii) the taxpayer shall be considered to have purchased property or stock only if, but for the provisions of subsection (b) of the section, the unadjusted basis of such property or stock would be its cost within the meaning of section 1012.
   (B) *Period within which property must be replaced.*—The period referred to in subparagraph (A) shall be the period beginning with the date of the disposition of the converted property, or the earliest date of the threat or imminence of requisition or condemnation of the converted property, whichever is the earlier, and ending—
   (i) 2 years after the close of the first taxable year in which any part of the gain upon the conversion is realized, or
   (ii) subject to such terms and conditions as may be specified by the Secretary, at the close of such later date as the Secretary may designate on application by the taxpayer. Such application shall be made at

the time in which the property must be replaced according to § 1033. The IRS denied this request in January, 1973 and all parties agree that the request operated as a notice of intention not to replace the property.

The gain from the reimbursement for the property was not reported on the individual income tax returns filed by D'Esti and Rosefsky in 1971 for the year 1970, in which the final reimbursement was made. (The wives of the two partners are parties to this action because joint returns were filed for that year.) The IRS issued notices of deficiency to each of the partner-taxpayers in November, 1975. The deficiencies total $11,969.60.

The taxpayers claimed that assessment of these deficiencies was barred by the general three-year statute of limitations of 26 U.S.C. § 6501.² The IRS claimed that the special limitations period of § 1033 applied. The Tax Court, Samuel B. Sterrett, *Judge*, upheld the IRS, and taxpayers appeal from that decision. We agree with the Tax Court's interpretation of the statutory periods applicable, and affirm the judgment.

In 1965, § 1033 provided for deferment of recognition of gain on condemnation of property for a one-year period or, as in this case, until the taxpayer notified the Commissioner that he did not intend to replace the property condemned. The taxpayers contend that § 1033 did not toll the running of the statute as against them, pointing out that they individually had no place in the scheme of § 1033, election to replace and termination of such an election being functions solely of the partnership. *McManus v. Commissioner*, 583 F.2d 443, 448 (9th Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 1501, 59 L.Ed.2d 773 (1979).

We find no merit in this argument. While the election, by the tax scheme, 26 U.S.C. § 703(b),³ is the responsibility of the partnership as the property-owning entity, tax incidence is upon the individual members. Thus, it would make no sense to defer recognition only as to the partnership and toll the running of the limitations peri-

---

such time and in such manner as the Secretary may by regulations prescribe.

(C) *Time for assessment of deficiency attributable to gain upon conversion.*—If a taxpayer has made the election provided in subparagraph (A), then—

(i) the statutory period for the assessment of any deficiency, for any taxable year in which any part of the gain on such conversion is realized, attributable to such gain shall not expire prior to the expiration of 3 years from the date the Secretary is notified by the taxpayer (in such manner as the Secretary may by regulations prescribe) of the replacement of the converted property or of an intention not to replace, and

(ii) such deficiency may be assessed before the expiration of such 3-year period notwithstanding the provisions of section 6212(c) or the provisions of any other law or rule of law which would otherwise prevent such assessment.

\* \* \* \* \* \*

As mentioned *infra*, the 1965 version of this statute differed from the current one in providing a one-year period for deferral of gain on condemned property.

**2.** 26 U.S.C. § 6501 provides:

Limitations on Assessment and Collection.

(a) [as amended by Sec. 165(a), Excise Tax Technical Changes Act of 1954, P.L. 85–859, 72 Stat. 1275] *General Rule.*—Except as oth-

erwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

\* \* \* \* \* \*

**3.** 26 U.S.C. § 703(b) provides:

Partnership Computations.

\* \* \* \* \* \*

(b) [as amended by Sec. 2(b), Act of September 12, 1966, P.L. 89–570, 80 Stat. 759] *Elections of the partnership.*—Any election affecting the computation of taxable income derived from a partnership shall be made by the partnership, except that the election under section 901, relating to taxes of foreign countries and possessions of the United States, and any election under section 615 (relating to exploration expenditures) or under section 617 (relating to additional exploration expenditures in the case of domestic mining), shall be made by each partner separately.

\* \* \* \* \* \*

**518**

od solely as to it, since it is not assessable as a taxable entity. *United States v. Bayse,* 410 U.S. 441, 448, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973).

Taxpayers rely on *Myers v. United States,* 30 A.F.T.R.2d 5332 (S.D.Cal. July 20, 1972), *rehearing denied,* 30 A.F.T.R.2d 5521 (S.D.Cal. Sept. 15, 1972). The Tax Court distinguished that case on its facts since it considered that the incidence of the gain to the taxpayers in *Myers* would in any case have been in a taxable year not before the court. In any event, if the *Myers* case can be read to support the claim that an election by the partnership cannot toll the statute as to the individual partners, we disagree and decline to follow it.

If the Congress had any purpose of deferment and tolling in this situation, it must have intended to include in the scheme the individuals liable for tax on the gain. Tolling solely as to the partnership would be footless. A loophole would be created for the individual taxpayers if recognition of the gain were postponed without extending the period within which the Commissioner must act. No rational justification appears for providing the advantage of deferment of recognition without a corresponding tolling to protect the Commissioner's position. Perhaps the statutory language could be improved upon, but we see no reason to believe that the Congress intended either to deny partnerships and partners the benefit of deferment of gain under § 1033, or to create the anomalous situation of tolling as to the partnership only, the reporting entity, and not as to the partners, to whom the gain was taxable. The assessments were timely and the judgments correct.

Affirmed.